The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RALPH J. BRINDLEY, *et al.*,

    Plaintiffs,

v.

GEICO, *et al.*,

    Defendants.

NO. 23-cv-1349

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**

## I. INTRODUCTION

Plaintiffs sued Defendants in the King County Superior Court on August 1, 2023, alleging fraud and a violation of the Washington Consumer Protection Act. Compl., ECF No. 1-1. GEICO removed the case to this Court on August 31, 2023, on the basis that although there is not complete diversity on the face of the Complaint, the Court should sever the non-diverse Defendants—Amanda Vedrich and her law firm, Carey & Vedrich PS, Inc.—from the suit and retain jurisdiction over the parties. Removal ¶ 3, ECF No. 1. GEICO asserts that Plaintiffs added "meritless causes of actions against non-diverse defendants to attempt to destroy diversity." *Id.* Pending before the Court is Plaintiffs' Motion for Remand, asserting that this Court lacks subject matter jurisdiction due to

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

- 1

non-diverse parties. Pls.' Mot., ECF No. 15. Having reviewed the parties' filings[1] and the relevant legal authorities, the Court grants Plaintiffs' motion. The reasoning for the Court's decision follows.

## II. BACKGROUND[2]

On October 1, 2019, Plaintiff Ralph Brindley was involved in a car accident with Arphaxad Patrice Carroll, Jr., who admittedly was negligent and caused the collision. Compl. ¶¶ 3.2-3.4. GEICO was Mr. Carroll's insurer at the time of the accident and opened a claim advising Plaintiffs that Mr. Carroll's liability policy limit was $25,000, although Mr. Brindley's injuries clearly exceeded the $25,000 limit. *Id.* ¶¶ 3.8-3.11. According to Plaintiffs, GEICO mishandled Mr. Carroll's claim, which created liability between GEICO and Mr. Carroll. *Id.* ¶ 3.12.

On February 24, 2020, Plaintiffs offered to resolve their case with Mr. Carroll by way of a consent judgment that included assignment of Mr. Carroll's claims against GEICO. *Id.* ¶ 3.13. GEICO's claims adjuster received the communicated offer, and on March 26, 2020, Plaintiffs communicated that the offer was open for 30 days. *Id.* ¶¶ 3.14-3.16. GEICO retained Amanda Vedrich to represent Mr. Carroll, and to avoid liability for claims raised by Mr. Carroll, GEICO provided Mr. Carroll with a "no-limits" letter on April 17, 2020. *Id.* ¶¶ 3.17-3.18, Pls.' Mot. Ex. A, ECF No. 16-1.[3] Ms. Vedrich received the letter and was instructed by GEICO to not disclose the letter to Plaintiffs. Compl. ¶¶ 3.19-3.20. Defendants continued to represent to Plaintiffs that Mr. Carroll's insurance policy limits were only $25,000, which Plaintiffs allege was false after the issuance of the "no-limits" letter. *Id.* ¶ 3.21.

---

[1] Pls.' Mot., ECF No. 15; GEICO Opp'n, ECF No. 18; Vedrich Opp'n, ECF No. 21; Reply, ECF No. 22, Complaint, ECF No. 1-1, Notice of Removal, ECF No. 1, together with the accompanying exhibits.
[2] The facts recited below are primarily taken from Plaintiffs' State Court Complaint ("Compl.," ECF No. 1-1).
[3] Defendants describe the communication as a "letter of assurance" that reiterates the $25,000 policy limit, outlines the Brindley's settlement offer, and assures Mr. Carroll that he will be protected against a judgment in excess of policy limits contingent on Mr. Carroll's cooperation with litigation. *See* Pls.' Mot. Ex. A.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
- 2

1   In May 2020, Plaintiffs retained counsel, incurring litigation and other costs for
2 representation in the claim against Mr. Carroll. *Id.* ¶ 3.23. Plaintiffs sued Mr. Carroll for personal
3 injuries and damages on October 26, 2021. *Id.* ¶ 3.24; Pls.' Mot. Ex. B, ECF No. 16-1 (Complaint
4 against Mr. Carroll).[4] On November 12, 2021, Plaintiffs served interrogatories in that litigation,
5 including a question regarding available insurance policy limits. Compl. ¶ 3.25. Mr. Caroll's
6 defense counsel responded with the policy and declaration page providing limits of $25,000, which
7 Plaintiffs allege was false information based on the "no-limits" letter that had been issued on April
8 20, 2020. *Id.* On multiple occasions after April 20, 2020, Defendants represented to Plaintiffs that
9 Mr. Carroll's policy limit was $25,000. *Id.* ¶¶ 3.27-3.28; *see also* Pls.' Mot. Exs. C & D, ECF No.
10 16-1 (letters from Ms. Vedrich and her firm dated December 30, 2020, and March 8, 2021).

11   Ms. Vedrich advised Plaintiffs on May 9, 2022, that Mr. Carroll had declined to retain
12 separate counsel to represent him in the consent judgment negotiations. Compl. ¶ 3.29. On August
13 22, 2022, Plaintiffs amended their personal injury complaint and added their UIM insurer, Farmers
14 Insurance Company, as a defendant in that lawsuit. *Id.* ¶ 3.30. The parties participated in court-
15 mandated mediation on July 5, 2022, and all representations to the mediator were that Mr. Carroll
16 had only $25,000 in available coverage. *Id.* ¶¶ 3.31-3.32. The mediation did not resolve any claims,
17 and GEICO continued to try to persuade Plaintiffs to accept the $25,000 limit in settlement of their
18 personal injury claims. *Id.* ¶¶ 3.33-3.34.

19   Plaintiffs then filed suit against GEICO in May 2023 in King County Superior Court, adding
20 Mr. Carroll as an additional defendant. Vedrich Opp'n 4, ECF No. 21. Since Mr. Carroll resided
21 in Nevada, GEICO removed the matter to this Court based on diversity jurisdiction. *Id.* 4-5; *see*

---

[4] This litigation is ongoing. *See* Vedrich Opp'n 4, ECF No. 21.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

- 3

23-793-BJR. Shortly thereafter, on July 6, 2023, Plaintiffs moved for voluntary dismissal without prejudice, and the case was dismissed. *Id.*

On August 1, 2023, Plaintiffs filed the pending lawsuit against Defendants, asserting claims of fraud and a violation of the Washington Consumer Protection Act ("CPA"), based on the misrepresentations made by GEICO and by Ms. Vedrich and her law firm following the April 20, 2020 "no-limits" letter. GEICO removed the case to this Court based on diversity jurisdiction, although GEICO admits that Defendants, Ms. Vedrich and her law firm, are residents of Washington. Removal ¶ 3. In their notice of removal, GEICO maintains that Plaintiffs "fraudulently joined" attorney Amanda Vedrich, a Washington resident, and her law firm, a Washington for-profit corporation. *Id.* ¶¶ 2-4, 24. GEICO contends that Plaintiffs improperly joined Ms. Vedrich and her firm solely to evade federal jurisdiction and seeks severance on the basis that the claims against Ms. Vedrich and her law firm are meritless under Washington law. *Id.* ¶ 3. Plaintiffs now seek an order remanding this case back to the King County Superior Court, where it was originally filed, because this Court lacks subject matter jurisdiction. Pls.' Mot. 1.

### III. LEGAL STANDARD

A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over claims for more than $75,000 where the citizenship of each plaintiff is diverse from that of each defendant. 28 U.S.C. § 1332(a). Jurisdiction predicated on diversity of citizenship requires complete diversity between the opposing parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Courts have developed an exception to the requirement for complete diversity: where a non-diverse defendant has been fraudulently joined solely for the purpose of defeating federal

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
- 4

jurisdiction, that defendant will be disregarded for purposes of evaluating federal jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In such a case, the district court may ignore the presence of the non-diverse defendant(s) for the purpose of establishing complete diversity, and removal to federal court may be appropriate. *Morris*, 236 F.3d at 1067.

However, Defendants carry the substantial burden of establishing that removal was proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042, 1046 (9th Cir. 2009) (citation omitted). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and the court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citations omitted). Not only is there a "strong presumption" against removal jurisdiction generally, but courts have also recognized a "general presumption" against a finding of fraudulent joinder in particular. *See Hunter*, 582 F.3d at 1046 (citing *Hamilton Materials*, 494 F.3d at 1206). Accordingly, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

The Ninth Circuit has cautioned against conflation of the standard for dismissal under Fed. R. Civ. P. 12(b)(6) and the standard for finding fraudulent joinder, which must be more strictly construed. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). The standard for finding fraudulent joinder is not the same as whether the plaintiff has stated a claim on which relief can be granted but is more akin to the

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
- 5

"wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1). *Id.* "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046).

### IV.   DISCUSSION

This case should be remanded back to State court if Plaintiffs have a possible claim against Ms. Vedrich and her law firm. Plaintiffs have alleged fraud and a violation of Washington's Consumer Protection Act.  To state a claim for fraud, a plaintiff must allege:

> (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon the representation, and (9) damages suffered by the plaintiff.

*Emerson v. Island Cnty.*, 194 Wn. App. 1, 15 (2016) (quoting *W. Coast, Inc. v. Snohomish Cnty.*, 112 Wash. App. 200, 206 (2002)).  And for a CPA claim, a plaintiff must allege: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn. 2d 310, 316 (2020) (quoting *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 37 (2009)). "Washington follows notice pleading rules and simply requires a 'concise statement of the claim and the relief sought.'" *State v. LG Elecs., Inc.*, 185 Wn. App. 394, 408 (2015) (quoting *Champagne v. Thurston Cnty.*, 163 Wash.2d 69, 84 (2008)).

In removing the case to this Court, GEICO asserted that Plaintiffs cannot maintain a claim under Washington's CPA against Ms. Vedrich because the complained-of conduct occurred in litigation, which is not an act occurring "in trade or commerce."  Removal ¶ 27 (citing *Hangman*

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
- 6

*Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 783-84 (1986)); ¶ 32 (citing *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 309-12 (1985)); *see also* GEICO Opp'n 9-12, ECF No. 18. GEICO also contended that "claims based on the professional judgment and nonentrepreneurial conduct of an attorney are not subject to the CPA." Removal ¶ 28 (citing *Short v. Demopolis*, 103 Wn. 2d 52, 61 (1984)); *see also* GEICO Opp'n 3, 11-12. Ms. Vedrich and her firm added that "Washington law does not allow claims against attorneys under the CPA, and specifically does not allow claims directed at an attorney's competency or strategy." Vedrich Opp'n 11-12 (quoting *Manteufel v. Safeco Ins. Co. of Am.*, 117 Wn. App. 168, 174 (2003)).

In their motion to remand, Plaintiffs stress that Ms. Vedrich's misrepresentations and fraudulent conduct occurred during claims handling prior to any litigation, and affirm that they are not alleging discovery violations, nor are they claiming malpractice. *See* Pls.' Mot. 5 (referencing letters sent before any litigation commenced). The Court agrees with Plaintiffs that they have alleged pre-litigation conduct in their Complaint, and their claim does not rely on a discovery violation. *See* Compl. ¶¶ 3.7-3.24 (alleging pre-litigation conduct). Plaintiffs have not alleged malpractice or that Ms. Vedrich was negligent, nor are their claims directed at her competency or strategy. Rather, Plaintiffs allege that Ms. Vedrich, at GEICO's direction, knowingly misrepresented to them that Mr. Carroll's insurance policy was limited to $25,000 after the policy limits no longer applied. *Id.* ¶¶ 3.19-3.22. Plaintiffs allege a scheme of deceptive acts and practices between GEICO and Ms. Vedrich and her firm in this and other cases. Compl. ¶¶ 3.2, 4.22. As held by the *Short* Court, "the term 'conduct of any trade or commerce' does not exclude all conduct of the profession of law," and "lawyers may be subject to liability under the CPA." 103 Wn.2d at 65-66.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

- 7

1    Defendants argue that Ms. Vedrich's loyalty was solely to her client (not to Plaintiffs, who
2 are third parties) and contend that she cannot be held liable for adverse actions undertaken during
3 her representation of Mr. Carroll. Vedrich Opp'n 7-8 (citing *Berg & Berg Enters., LLC v. Sherwood*
4 *Partners, Inc.*, 131 Cal. App. 4th 802 (2005), as modified on denial of reh'g (Aug. 25, 2005)).
5 While not inaccurate, Defendants' contention is incomplete. In *Berg*, the California court concluded
6 that a creditor could not bring an action against the debtor company's attorney for conspiring to
7 make fraudulent transfers to cover legal fees because the attorney had no fiduciary duty to the
8 creditor. 131 Cal. App. 4th 802. However, the court expressly distinguished cases involving an
9 attorney's independent duty not to engage in fraud. *Id.* at 825, 828. "Lawyers are subject to the
10 general law. If activities of a nonlawyer in the same circumstances would render the nonlawyer
11 civilly liable . . . , the same activities by a lawyer in the same circumstances generally render the
12 lawyer liable . . . ." *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal.
13 App. 4th 54, 69 (2003), as modified on denial of reh'g (Apr. 8, 2003). "A lawyer communicating
14 on behalf of a client with a nonclient may not . . . knowingly make a false statement of material fact
15 . . . to the nonclient . . . ." *Id.* (quoting Rest. 3d, Law Governing Lawyers, § 98).

16    Defendants also argue that Plaintiffs cannot sue Ms. Vedrich for fraud or under the CPA
17 because she and GEICO are the same under the law of agency. Vedrich Opp'n 8-9. Defendants
18 analogize to a case in which the court denied a motion to remand because the added defendant was
19 the insurance company's accountant, an agent who could not be held separately liable from the
20 principle. *Id.* at 9 (citing *Villains, Inc. v. American Economy Ins. Co. Eyeglasses*, 870 F. Supp. 2d
21 792, 794 (N.D. Cal. 2012)). The *Villians* court held that "an agent or employee who is acting within
22 the scope of his authority is (in the eyes of the law) one and the same 'person' as the corporation."
23 870 F. Supp. 2d at 795-96 (quoting *Everest Investors 8 v. Whitehall Real Estate P'ship XI*, 100 Cal.

24 ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
25 - 8

App. 4th 1102, 1108 (2002)). The plaintiffs in *Villains* made a claim against the accountant for aiding and abetting the insurance company in breaching the implied covenant of good faith and fair dealing. *Id.* at 795. The court explained that the California "agency immunity rule" applied—"just as a principal cannot conspire with itself, a principal cannot aid and abet itself." *Id.* Here, although Plaintiffs allege that Ms. Vedrich conspired with GEICO, they do not allege that a principal-agent relationship existed between GEICO and Ms. Vedrich. Rather, they allege that GEICO retained Ms. Vedrich to represent Mr. Carroll, who became her client. Compl. ¶ 3.17. Certainly, attorneys may be regarded as the authorized agents of their clients. *State v. Ford*, 125 Wn.2d 919, 922 (1995). But under Washington law, the attorney-client relationship is not an ordinary agency relationship. *See Fite v. Lee*, 11 Wn. App. 21, 28-29 (1974) ("An attorney in discharging his professional duties acts in a dual capacity. In a limited or restricted sense he is an agent of his client. But he has powers, including those to issue judicial process, far superior to those of an ordinary agent. . . . Accordingly, the scope of the attorney's implied authority as an agent should not, as a matter of law, extend to acts which constitute an abuse of legal process."). Further, attorneys acting as independent contractors are not in a principal-agent relationship. *Evans v. Steinberg*, 40 Wn. App. 585, 588 (1985); *see also Mut. of Enumclaw Ins. Co. v. Brokaw*, 120 Wn. App. 1010 (2004) ("[A]n insurance company is not vicariously liable for the negligence of counsel it has retained to represent its insured."). Plaintiffs allege that Ms. Vedrich was an employee or agent of Carey & Vedrich PS, Inc., but there being no allegation of a principal-agent relationship between GEICO and Ms. Vedrich, the Court will not presume such a fact for purposes of this motion.

Defendants insist that Plaintiffs have no viable claim because they "were not insureds under the GEICO policy and cannot rely on Washington's Insurance Fair Conduct Act to put forth a 'per se' CPA claim against Ms. Vedrich—yet that is what they suggest they are entitled to do." GEICO

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

- 9

Opp'n 3. Plaintiffs explain that their CPA claims are expressly permitted by *University of Washington v. GEICO ("UW")*, 200 Wn. App. 455, 469-70 (2017), and *Panag*, 166 Wash. 2d 27. Pls.' Mot. 5; *see also* Compl. ¶ 4.3. In these cases, the Washington courts distinguished between private CPA claims and per se CPA claims. *UW*, 200 Wn. App. at 470 ("[V]iolations of the regulations applicable to [the insurance industry and the debt collection industry] implicate the public interest and constitute a per se violation of the CPA. [A private] CPA action may be brought by one who is not in a consumer or other business relationship with the actor against whom the suit is brought." (quoting *Panag*, 166 Wash. 2d at 43-44)). In other words, "anyone may bring a private CPA violation claim against a party who injures them." *Id.* at 469. "Even minimal injury is sufficient," and expenses incurred in investigating an unfair or deceptive act can establish an injury under the CPA. *Id.* at 476.

Plaintiffs have alleged that Ms. Vedrich, in compliance with direction from GEICO, committed fraud and made false representations, and that Defendants' fraudulent conduct and coordinated deceptive practices in their handling of Mr. Carroll's insurance claim injured Plaintiffs by causing them to incur fees and costs. Compl. ¶¶ 3.22-3.23, 4.2-4.4. Plaintiffs also allege that the deceptive practices impact the public interest. *Id.* ¶ 4.2. Plaintiffs have not alleged a per se violation of a particular insurance regulation. This Court does not weigh in on the merits of the claim but merely assesses whether Plaintiffs have stated a possible claim. Ninth Circuit law is clear: a federal court is to find fraudulent joinder only under highly limited circumstances and resolve any doubts in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The relevant inquiry is into the sufficiency of the claim on the face of the complaint. Resolving all doubts in favor of remand, this Court cannot say that there is *no possibility* that Plaintiffs can establish a cause

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

- 10

of action in state court. Defendants have not met their heavy burden to show that the in-state Defendants were fraudulently joined. Accordingly, Plaintiffs' motion to remand this case back to state court is granted.

## V. CONCLUSION

For the foregoing reasons:

    1. Plaintiffs' Motion for Remand, ECF No. 15, is GRANTED; and

    2. This case is remanded to King County Superior Court.

DATED this 9th day of January 2024.

_____
Barbara Jacobs Rothstein
United States District Judge